UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN LEE DAVIS, | No. 2:18-cv-02894-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| R. MIRANDA, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  By order filed May 22, 2019, the undersigned screened plaintiff's complaint and dismissed it with leave to amend. ECF No. 5. On August 14, 2019 plaintiff filed a first amended complaint. ECF No. 10. Currently pending before the court is defendant's motion to dismiss plaintiff's first amended complaint. ECF No. 11. Also pending before the court is plaintiff's second amended complaint filed on September 17, 2019. ECF No. 13. For the reasons outlined below, the undersigned will strike defendant's motion to dismiss as premature and will recommend dismissing plaintiff's second amended complaint without further leave to amend.

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

1

court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). However, before the court could screen plaintiff's first amended complaint, defendant filed a motion to dismiss.[1]  ECF No. 5.  A motion to dismiss is not a substitute for the court's screening duty pursuant to 28 U.S.C. § 1915A(a).  Therefore, defendant's motion to dismiss will be stricken from the docket as premature.

## II. Allegations in the Second Amended Complaint

Perhaps in response to defendant's premature motion to dismiss, plaintiff filed a second amended complaint which supersedes the first amended complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). As a result, the court will proceed to screen plaintiff's second amended complaint.

At all relevant times, plaintiff was an inmate at High Desert State Prison who suffered from scoliosis and disc narrowing of his lower back. Plaintiff alleges that defendant R. Miranda knew of these injuries but never sent him to a specialist to determine if any other treatments could be utilized. Instead, defendant Miranda prescribed over-the-counter pain medications and physical therapy for plaintiff's medical condition. Plaintiff contends that he did not receive the proper medication or medical treatment for his condition which allowed his back to get worse.

## III. Legal Standards

Plaintiff's allegations are based on an Eighth Amendment deliberate indifference claim to his serious medical needs. In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs

---

[1] Defendant's motion contends that plaintiff's first amended complaint fails to allege facts sufficient to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6).

1  include '[t]he existence of an injury that a reasonable doctor or patient would find important and
2  worthy of comment or treatment; the presence of a medical condition that significantly affects an
3  individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d
4  at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

5  Second, the plaintiff must show the defendant's response to the need was deliberately
6  indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act
7  or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the
8  indifference. Id. Under this standard, the prison official must not only "be aware of facts from
9  which the inference could be drawn that a substantial risk of serious harm exists," but that person
10 "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective
11 approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A
12 showing of merely negligent medical care is not enough to establish a constitutional violation.
13 Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.
14 Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of
15 deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404,
16 407 (9th Cir. 1985). When a prisoner alleges that delay of medical treatment evinces deliberate
17 indifference, the prisoner must show that the delay caused "significant harm and that Defendants
18 should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at
19 1060.

20 A difference of opinion about the proper course of treatment is not deliberate indifference,
21 nor does a dispute between a prisoner and prison officials over the necessity for, or extent of,
22 medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d
23 1051, 1058 (9th Cir.2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). "A complaint
24 that a physician has been negligent in diagnosing or treating a medical condition does not state a
25 valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not
26 become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at
27 106.
28 /////

**IV.     Analysis**

The court has reviewed plaintiff's second amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  The court finds that the allegations do not rise to the level of an Eighth Amendment deliberate indifference claim.  There are no facts in the second amended complaint that suggest that plaintiff's back condition is being ignored by defendant Miranda.  The allegations merely suggest that plaintiff disagrees with the medication and treatment being provided.  However, such disputes do not rise to the level of a Constitutional violation.  See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Plaintiff was previously advised of the appropriate Eighth Amendment legal standard governing his claim in this court's prior screening order dated May 22, 2019 and has not cured the deficiencies previously identified by the court.

**V.      No Leave to Amend**

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted).  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.

In light of plaintiff's failures to provide additional information about his claims despite specific instructions from the court, the undersigned finds that further leave to amend would be futile and the first amended complaint should be dismissed without leave to amend.  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").  Here, plaintiff's allegations, at most, may establish negligence and, at the least, demonstrate a mere disagreement with his health care treatment, neither of which are sufficient to state an Eighth Amendment deliberate indifference claim.  For this reason, the

4

undersigned recommends denying further leave to amend the complaint.

## VI. **Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

This court is recommending that your complaint be dismissed because it fails to state any cognizable claim for relief.  Allowing you to further amend the complaint would be futile because you were not able to cure any of the previously identified deficiencies with the original complaint.  As a result, this court is recommending that you not be granted further leave to amend your complaint and that this civil action be closed.  If you disagree with this recommendation, you have 14 days to explain why it is not the correct result.  Label your explanation as "Objections to the Magistrate Judge's Findings and Recommendations."

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss plaintiff's first amended complaint (ECF No. 11) is stricken from the docket as premature.
2. The Clerk of Court shall randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed without further leave to amend.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The

/////
/////
/////
/////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 17, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/davi2894.F&R/MTD.docx