UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN LEE DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. MIRANDA,<br><br>　　　　　Defendant. | No. 2:18-cv-02894-WBS-CKD<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action was originally removed from the Lassen County Superior Court on October 31, 2018 by defendant Miranda.  ECF No. 1.  As a result of the removal, defendant Miranda paid the initial $400 filing fee in this action.  Judgment was entered on May 28, 2020 in this matter dismissing plaintiff's second amended complaint without leave to amend for failing to state a claim upon which relief can be granted.  ECF Nos. 18-19.  Currently pending before the court is defendant Miranda's bill of costs in the amount of $400.00.  ECF No. 20.

**I.    Standards Governing a Bill of Costs**

Rule 54(d)(1) of the Federal Rules of Civil Procedure creates a rebuttable presumption that costs, other than attorney's fees, should be awarded to the prevailing party.  However, a district court has the discretion to refuse an award of costs.  See Ass'n of Mexican-Am. Educators

1

v. California, 231 F.3d 572, 591 (9th Cir. 2000).  If the court declines to award costs to the prevailing party, it "must specify reasons for its refusal to award costs."  Mexican-Am. Educators, 231 F.3d at 591 (citation omitted).  Reasons to refuse to award costs include "the losing party's limited financial resources; misconduct on the part of the prevailing party; the importance of the issues; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights litigants of imposing high costs.  Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (internal citations omitted); see also National Org. for Women v. Bank of Cal., 680 F.2d 1291, 1291 (9th Cir. 1982) (upholding the refusal to award costs based on the losing party's limited financial resources); Stanley v. Univ. of Southern California, 178 F.3d 1069, 1080 (9th Cir. 1999) (recognizing the chilling effect that awarding costs against a prisoner in a civil rights lawsuit has).

## II. Analysis

Based on plaintiff's limited financial resources as a prisoner, the possibility that imposing costs against him would have a chilling effect on prisoner civil rights lawsuits, and the fact that plaintiff's complaint was not frivolous, but rather simply failed to rise to the level of an Eighth Amendment claim for relief, the court will deny defendant Miranda's request to recover costs.  In these circumstances, awarding costs against plaintiff would be inequitable.

Accordingly, IT IS HEREBY ORDERED that defendant Miranda's bill of costs (ECF No. 20) is denied.

Dated: July 15, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/davi2494.billofcosts.docx